THE PEOPLE *ex rel.* Kirchner

*v.*

MASON B. LOOMIS, County Judge.

*Ottawa, March Term,* 1880.

MANDAMUS—*practice in the Supreme Court.* A motion was made in this court for an order to show cause why a peremptory writ of mandamus should not issue to compel a county judge to sign a bill of exceptions. The motion was based merely upon an affidavit of one of the attorneys in the case, and the bill of exceptions which the judge had refused to sign. The motion was denied upon the ground that, according to the practice in this court, a petition should have been presented showing the grounds of the application. Such a writ can not be awarded upon mere motion.

This was a motion in behalf of Kirchner, in this court, for an order that Mason B. Loomis, county judge of the county of Cook, show cause why he should not be compelled to sign a certain bill of exceptions which had been tendered to him for that purpose, and which he had refused to sign,—and why a peremptory writ of mandamus should not issue to compel him to sign the same. In support of the motion an affidavit of one of the counsel, and the bill of exceptions which had been tendered to the county judge, were filed.

Messrs. FAIRCHILD & BLACKMAN, and Messrs. BRUSH & LELAND, for the motion.

CRAIG, J.: This is an application to this court to award a writ of mandamus to compel a judge to sign a bill of exceptions. The application is based upon a mere motion. No petition has been filed,—nothing but a statement. That is not sufficient. The practice in this court has always been to require a petition to be filed, setting forth the grounds of the application. We will not consider the application upon mere motion.

*Motion denied.*